594

## In re TENNEY.

### Patent Appeal No. 4394.

Court of Customs and Patent Appeals.

May 5, 1941.

For former opinion, see 117 F.2d 377.

Benjamin Sweedler, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

On February 3, 1941, we rendered a decision in this case adverse to the appellant. In re Tenney, 117 F.2d 377, 28 C.C.P.A., Patents, ——. The history of the case is fully set forth in that opinion.

Within the time provided by the rules appellant filed a petition for rehearing as to certain claims, accompanying same with a brief statement, to which statement (at the request of the court) the solicitor for the Patent Office made reply.

The appeal brought before us five claims which had been rejected below, numbered, respectively, 13, 14, 19, 20, and 21. We affirmed the rejection of all the appealed claims. The petition for rehearing requests reconsideration of only claims 19, 20, and 21. Claim 19 was quoted as illustrative along with claim 13 in our former opinion.

As the case was presented to us in the briefs and twice in oral argument, practically all the emphasis was placed on claim 13 and little attention was given the others, although it is fair to appellant's counsel to state that in his original brief certain claimed distinctions were set forth. The list of alleged errors relied on, as stated in his original brief, did not suggest any line of demarcation so far as the point upon which we sustained the rejection was concerned. The discussion below revolved almost wholly about claim 13, and our own discussion was principally devoted to it. All the claims were rejected below on the ground that they were not supported by the disclosures of the application. Claim 13 was copied from a patent which had been issued to Nordmeyer and Stone as joint inventors, and an interference was declared which was dissolved on motion of the patentees, no award of priority being made. The ground of dissolution was lack of disclosure, the same as that upon which the rejection was based in the subsequent ex parte proceeding.

We took the view that the claim was regarded as ambiguous by the tribunals of the Patent Office, particularly with respect to what was referred to as a "generator feature," and that it was interpreted in the light of the patent in which it originated, and, in sustaining the decision below, said "the same was true of the other appealed claims."

In the petition for rehearing, appellant points out that claims 19, 20, and 21 did not originate in the patent; urges that it is improper to interpret them in the light of the patent, and insists that, if they be given their "normal and intended meaning," they "read directly on the Tenney disclosure."

Apparently, we were in error in stating, or implying, that the tribunals of the Patent Office interpreted claims 19, 20, and 21 in the light of the patent, and our former opinion may be regarded as modified in that respect. What the examiner said with respect to those claims (omitting the

part relating to heavy oil not involved in them) was:

"[They] stand similarly [to claim 13] rejected with respect to their recitation of passing the reverse air blast downwardly through at least the upper portion of the fuel bed. Since they are similar to claim 13 in this respect, it follows they are subject to rejection for the same reasons as applied in detail to claim 13, * * *."

The board said: "Claims * * * 19 to 21 are quite like claim 13 and it is not deemed necessary to repeat the grounds of rejection urged against same. There is not sufficient difference between this group of claims and 13 to warrant separate treatment. What has been said above against claim 13 applies with equal force here." We think it should be said that our statement to the effect that the tribunals of the Patent Office regarded claim 13 as ambiguous was our interpretation of their decision and that they did not expressly so state. Since the filing of the instant petition for rehearing we have carefully reexamined the pertinent portions of their decisions in both the interference and ex parte proceedings, and, in fact, find no reason to conclude that disclosure would have been found in appellant's application, even considering it independently of the patent.

However this may be, it is our view that it would not be proper to allow claims 19, 20, and 21, while at the same time denying claim 13, which denial we think was proper and in which appellant acquiesces so far as the petition for rehearing is concerned. While the language of these claims differs somewhat from the language of claim 13, comparison of them shows clearly that they and 13 are directed to very closely related subject matter. During the last oral argument before us it was incidentally said by counsel for appellant that the allowance of claims 19, 20, and 21 would not necessarily result in another interference being declared with Nordmeyer and Stone. This is not a matter proper to be considered in this ex parte proceeding, but it is clear that if appellant believed he had an invention not disclosed by a prior patent he should have used language in his claims which would have clearly distinguished it from such patent. In re Babcock, 110 F.2d 665, 27 C.C.P.A., Patents, 1097.

The petition for rehearing having been fully considered is denied, we adhering to the conclusion formerly reached.